John SHELBURNE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14616.

Court of Criminal Appeals of Oklahoma.

Oct. 16, 1968.

Garrett & Strumbaugh, Mangum, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., Paul C. Braun, Dist. Atty., Dist. No. 3, for defendant in error.

BRETT, Judge.

Plaintiff in Error, John Shelburne, hereafter referred to as defendant, was arrested on May 23, 1967 in the vicinity of Lone Wolf, Oklahoma, for the offense of driving a motor vehicle while under the influence of intoxicating liquor. He was tried in County Court of Kiowa County before a jury, which returned a verdict of guilty on October 17, 1967 and assessed punishment at imprisonment in the county jail for 90 days, and a fine of two hundred and fifty dollars ($250.00). On October 20, 1967 defendant's motion for new trial was overruled and judgment and sentence, as assessed by the jury, was passed. From that judgment and sentence defendant has perfected this appeal.

Defendant argues his appeal under two propositions in his brief. First, under recent federal decisions, a person who is a chronic alcoholic may not be convicted of a crime, a necessary element of which is drunkenness. In support of this proposition, defendant cites a decision from the United States Court of Appeals, Fourth Circuit, Driver v. Hinnant, 356 F.2d 761, in which that court released the petitioner from confinement by writ of habeas corpus on the theory that insofar as he was a chronic alcoholic he could not be answerable to a charge of drunkenness. In the instant case, however, defendant's proposition must fail for the reason that subsequent to Driver v. Hinnant, supra, the United States Supreme Court rendered a decision in Powell v. State of Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L. Ed.2d 1254 (1968), which upheld the conviction for public drunkenness of Powell, who contended that he was a chronic alcoholic and was compelled to drink; and also held that his conviction did not constitute cruel and unusual punishment. Therefore, we find that defendant's first proposition is without merit.

Secondly, defendant contends in his brief that where no personal injury or property damage is involved, punishment of imprisonment for ninety days and a fine of two hundred and fifty dollars is excessive.

Under the circumstances of this case we fail to see merit in this position. Immediately before defendant was arrested, he was observed by several witnesses who testified that his automobile was traveling in an erratic manner, forcing oncoming traffic completely off the highway. Defendant was finally stopped by a citizen in Lone Wolf, who took defendant's car keys away from him and waited for the Oklahoma Highway Patrol Trooper to arrive and take custody of him. It would be reasonable to state, that no property damage or personal injury resulted only because the operators of the vehicles in the oncoming traffic were capable of handling their own vehicles, thereby avoiding a collision with defendant. The factual situations of the cases cited by defendant to support his second proposition

can be readily distinguished from this case, and are therefore not applicable.

We are therefore of the opinion that this case should be, and the same is therefore, affirmed.

Affirmed.

NIX, P. J., and BUSSEY, J., concur.